**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1936
_____

ROBERT SAUNDERS,
Appellant

v.

VITALCARE HEALTH STRATEGIES LLC; CHARDONNAY DIALYSIS INC; DR.
AWEKE ADUKU-EZEH; ROBERT MAY; SCOTT REYNOLDS; CHRIS SENATO;
MEGAN FALGOWSKI; PHILLIS BAUAHEUE; NICOLE ANDERSON
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:24-cv-00083)
District Judge: Honorable Maryellen Noreika
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 6, 2026
Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed January 14, 2026)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Robert Saunders, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We will affirm the judgment of the District Court.

I.

Saunders filed a complaint in the District Court under 42 U.S.C. § 1983 against Vitalcare Health Strategies (Vitalcare), Chardonnay Dialysis, and various medical employees associated with Vitalcare, Chardonnay Dialysis, and the Delaware Department of Corrections, alleging that he had received inadequate medical care. Saunders was granted leave to proceed in forma pauperis, and the District Court dismissed his complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). After being granted an extension of time, plaintiff's amended complaint was due by April 16, 2025. On May 1, 2025, the District Court closed the case because Saunders did not file an amended complaint. Saunders's timely notice of appeal followed.

II.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order dismissing a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). A dismissal for failure to state a claim is proper when "accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any

reasonable reading of the complaint." *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009).

III.

We agree with the District Court that Saunders's complaint was too vague and conclusory to state a claim.[1] In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Saunders alleged that he was not scheduled for necessary medical appointments and did not receive proper orthopedic shoes or a proper renal diet; however, the lack of specific facts accompanying these allegations renders Saunders's claims too vague to satisfy the *Iqbal* standard. *See id.* (explaining that a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Therefore, the District Court properly dismissed plaintiff's claims relating to his medical appointments, renal diet and orthopedic shoes.

The District Court properly dismissed Saunders's allegations against Nurse Bauaheue because they do not state a constitutional violation under § 1983. Saunders alleged that, on multiple occasions, Nurse Bauaheue failed to insert a needle properly into his arm, leading to swelling and severe pain. In order to bring an Eighth Amendment

---

[1] We have stressed that district courts should typically grant pro se plaintiffs leave to amend deficient complaints. *See, e.g.*, *Montanez v. Price*, 154 F.4th 127, 151 (3d Cir. 2025). The District Court here did give Saunders leave to file an amended complaint, but instead of doing so, he appealed. As we discuss in the text, we agree that Saunders's initial complaint was inadequate.

3

claim on the basis of inadequate medical care, a plaintiff must show that the defendants were deliberately indifferent to a serious medical need. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Mere medical malpractice, however, is insufficient to establish a constitutional violation. *See White v. Napolean*, 897 F.2d 103, 108-09 (3d Cir. 1990). We agree with the District Court that, even liberally construed, Nurse Bauaheue's alleged failure to properly insert a needle into Saunders's arm can give rise to, at most, a medical malpractice claim and not a deliberate indifference claim. Therefore, the District Court properly dismissed this claim.

Plaintiff's claims against Vitalcare and Chardonnay Dialysis were properly dismissed, because defendants in a § 1983 action cannot be held liable under a theory of vicarious liability or respondeat superior. *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978). In order to bring a claim against these defendants, Saunders would have to show the constitutional violation he alleges was caused by a custom or policy maintained by these defendants, *see id.,* but Saunders's claim alleges the exact opposite—he asserts that the improper conduct of Nurse Bauaheue violated the companies' stated policies. Saunders's claims that various prison officials violated his rights by failing to supervise the medical providers fail for the same reasons. *See id.*[2] For the foregoing reasons, we will affirm the judgment of the District Court.

---

[2] Saunders also asked the District Court to appoint counsel. In the circumstances, the District Court did not err by denying that motion. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).